I ¶ GAUDIN, Judge.
Don D. Christian was convicted of distribution of cocaine (LSA-R.S. 40:967A) in the 24th Judicial District Court. He was subsequently sentenced as a multiple offender to 40 years at hard labor with credit for time served.
On appeal, Christian alleges three assignments of error. He argues that the trial judge erred (1) in denying the motion to suppress identification, (2) in permitting the prosecuting attorney to question a witness after the witness had been tendered to the defense for cross-examination and (3) in not advising him (Christian) of the prescriptive period for applying for post-conviction relief. He also asks this Court to search for errors patent.
The only error we found was the failure to advise appellant of the three-year prescriptive period for seeking post-conviction relief. We remand to the district court for this requirement to be satisfied; otherwise, Christian’s conviction and sentence are affirmed.
Christian was convicted of selling six pieces of rock cocaine to an undercover police officer for $100.00. The undercover agent, Lisa Crawford, testified that on July 9, 1993, she drove her automobile into a known drug area of Westwego, Louisiana and saw Christian holding up two fingers, a recognized *1137 drug sign or signal for “20,” indicating that drugs were either being sought or were for sale.
|2Crawford said she made the purchase then drove to a prearranged location, where she turned over the rock cocaine and gave a description of Christian to another police officer, Steven Rayes. She described Christian, according to Officer Rayes, as having several gold teeth and as “low fade, not too heavy, not too much facial hair.”
Several weeks later Officer Rayes prepared a six-person photographic lineup for Officer Crawford. She identified Christian.
ASSIGNMENT NO. 1
Here, Christian contends that the lineup was suggestive (1) because Christian’s photo pictured him with his mouth slightly open, showing his gold caps, while none of the others in the lineup had open mouths, and (2) because all of the persons in the lineup had full profile shots except Christian, whose profile showed only the rear of his head and his right ear but not his face.
Officer Rayes testified that he used the photographs that were available to him at the time. Included was Christian’s photo because investigation and a confidential informer confirmed the fact that Christian had in fact sold the cocaine to Officer Crawford on July 9,1993. Initially, a person named Keith Richardson was the suspect; however, when it was learned that Richardson was not the seller, his photograph was not placed in the lineup.
We have carefully examined the six photographs in the lineup. While Christian’s mouth is slightly open, the most visible of his teeth are the two white middle teeth. The two gold or gold-capped teeth are off to either side of the two front teeth and are barely noticeable.
Officer Crawford testified that while all of the photographs |g“resembled” Christian, she had looked at his face in broad daylight during the cocaine purchase and she was able to pick out his photo without any suggestion from Officer Rayes and without being influenced either by Christian’s slightly opened mouth or the lack of a full profile picture of him. Officer Crawford said that during the sale she “mainly focused” on Christian’s face and not on the other parts of his body. The transaction lasted about two minutes.
At the trial, Officer Crawford again identified Christian as the person who had sold the drugs to her on July 9, 1993, saying that she knew she would be called on later to identify the cocaine-seller.
This record does not demonstrate any improper action by either police officer and it does not indicate that there was a likelihood of misidentifieation much less a substantial likelihood of misidentifieation. The photographs do not focus suggestive attention singularly on Christian. There is sufficient resemblance between Christian and the others.
In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court listed five factors to consider when the reliability of an identification is questioned. They include the opportunity of the witness to view the defendant at the time of the alleged crime, the witness’ degree of attention, the level of certainty, the time elapsed between the crime and the identification and the accuracy of any prior description. These factors were adopted in Louisiana in State v. Prudholm, 446 So.2d 729 (La.1984), which cited Manson v. Brathwaite, supra.
Although there was a time lapse of approximately a month between the sale to Officer Crawford and her identification of Christian from the photo lineup, her identification was straightforward and devoid of improper suggestion. The trial judge correctly denied Christian’s motion to suppress |4his identification by Officer Crawford.
ASSIGNMENT NO. 2
In this assignment of error, Christian complains because the trial judge allowed, over objection, the prosecutor to ask a witness additional questions after tendering that witness for cross-examination.
Officer Rayes was on the stand and apparently the state’s direct was over. Defense counsel started cross-examination by saying, “Agent Rayes ...” It was at that moment *1138 that the prosecutor requested the court s permission to ask more questions on direct.
Christian has submitted no statutory rule or jurisprudence in support of this assignment of error and we are unaware of any.
A trial judge is given wide discretion in controlling the examination of witnesses. Here, there was no abuse of discretion; furthermore, the state could have recalled Officer Rayes at any time prior to submission of the case against Christian.
ASSIGNMENT NO. 3
Because the trial judge did not advise Christian of LSA-C.A.P. art. 930.8C, we remand with instructions that Christian be sent appropriate written notice within 10 days of the rendering of this opinion and to later file proof in the record that such notice was received.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR ART. 930.8C NOTICE TO BE SENT.